UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK LECK,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>            Defendants. | CASE NO. C11-5624BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. 16) and Plaintiff Jack Leck's ("Leck") motion for leave to amend (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Leck's motion for leave to amend and grants Defendants' motion for summary judgment for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 15, 2011, Leck filed a complaint against Defendants alleging violations of his constitutional rights under 42 U.S.C. § 1983. Dkt. 1. On July 23, 2012,

Defendants filed the instant motion for summary judgment. Dkt. 16. On August 1, 2012, counsel for Leck filed a motion to withdraw (Dkt. 19), which was granted by the Court on August 21, 2012 (Dkt. 23). On August 22, 2012, Leck filed a response to the motion for summary judgment that included a motion for leave to amend his complaint. Dkt. 24. On August 29, 2012, the Court granted Leck's request for additional time to respond to the motion for summary judgment. Dkt. 25. Leck did not file an additional response. On September 4, 2012, Defendants filed a response to the motion for leave to amend that was contained within Leck's response to the motion for summary judgment. Dkt. 26.

## II. DISCUSSION

**A.  Motion for Summary Judgment**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.      Defendants' Motion for Summary Judgment**

Defendants, in their motion for summary judgment, argue that Leck's claims must be dismissed with prejudice under any of three separate legal doctrines. Because the Court concludes, and Leck essentially concedes, that his claims are barred because Defendants have absolute immunity from suit for damages under § 1983 as they are not "persons" under the statute (*see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)), the Court need not address Defendants' other arguments. In his complaint, Leck alleges claims against the State of Washington, Department of Social and Health

1 Services, and Department of Corrections.  *See* Dkt. 1.  Because the State and its agencies
2 have absolute immunity from the § 1983 claims alleged by Leck, Defendants' motion for
3 summary judgment must be granted.

4 **C.     Leck's Motion for Leave to Amend**

5      After an answer has been filed, a party may amend its pleading only with the
6 opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  The court
7 should freely give leave when justice so requires.  *Id*.  "Rule 15's policy of favoring
8 amendments to pleadings should be applied with 'extreme liberality.'"  *United States v.*
9 *Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *DCD Programs, Ltd. v. Leighton*, 833
10 F.2d 183, 186 (9th Cir. 1987)).  Accordingly, leave "generally shall be denied only upon
11 showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."
12 *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).  "Rule
13 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or
14 technicalities."  *Id*. (internal quotation marks omitted).

15      Here, the Court concludes that Leck's motion for leave to amend should be
16 denied.  Although it is not entirely clear to the Court because Leck did not include a
17 proposed amended complaint with his motion as is required, it appears that he seeks to
18 bring claims against former counsel for their failure to include claims in his complaint
19 against any defendants in their individual capacities.  *See* Dkt. 24.  In addition, it appears
20 that Leck may seek to amend his complaint to add claims against defendants in their
21 individual capacities.  *Id*.  Because Leck has failed to file a proposed amended complaint,
22 this case is scheduled to go to trial next month, and the Court is dismissing all claims

ORDER - 4

against the current Defendants, the Court concludes that Leck's motion to amend should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that Leck's motion for leave to amend (Dkt. 24) is **DENIED**, Defendants' motion for summary judgment (Dkt. 16) is **GRANTED**, Leck's claims brought in this action against Defendants are **DISMISSED with prejudice**, and this case is **CLOSED**.

Dated this 10th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge